United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-41591
Summary Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LEROY CONNER, JR.,

                                        Defendant-Appellant.

---

Appeal from the United States District Court
For the Eastern District of Texas
USDC No. 1:04-CR-32-1

---

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Leroy Conner, Jr. appeals the 33-month sentence of imprisonment imposed following his guilty plea to counterfeit securities charges.  He asserts that his sentence violates *United States v. Booker*.[1]

    Because Conner's sentence was enhanced based on facts neither admitted by him nor proved to a jury beyond a reasonable doubt, it was imposed in violation of the Sixth Amendment and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 125 S.Ct. 738 (2005).

*Booker*.[2]  Where, as here, the defendant preserved the error in district court, we will vacate the sentence and remand unless the Government shows that the error was harmless beyond a reasonable doubt.[3]  To do this, it must show beyond a reasonable doubt that the court would have given the defendant the same sentence had it thought the Guidelines were advisory.[4]

The Government has not met this burden.  Although the district court stated that it would have imposed a 36-month sentence had the Guidelines been advisory, the court was able to impose that longer sentence at the time as it was within the Guidelines range of 33 to 41 months.  As a result, we are unsure whether its statement was a misstatement.  Because we must vacate Conner's sentence due to *Booker* error, we do not address Conner's argument that the district court erred by denying him a reduction for acceptance of responsibility.[5]

Conner's sentence is VACATED and the case is REMANDED for resentencing.

---

[2] *Id.* at 756.

[3] *United States v. Pineiro*, 410 F.3d 282, 284 (5th Cir. 2005).

[4] *Id.*

[5] *United States v. Akpan*, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

2